# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

JC TARVER, )
)
Plaintiff, )
)
v. ) Case No. CIV-25-179-RAW-JAR
)
DARRELL WOFFORD, )
State Trooper; )
BILL BAZE, Judge; and )
LAURA SUMNER, Clerk, )
)
Defendants. )

## FINDINGS AND RECOMMENDATION

This matter comes before the Court on a review for Plaintiff's compliance with this Court's Order directing that the filing fee be paid or an *in forma pauperis* application be filed entered July 22, 2025. This case was referred to the undersigned by United States District Judge John F. Heil, III, who presides over this case.

Plaintiff initiated this case acting *pro se* on June 2, 2025. The Clerk of this Court entered an Order directing that Plaintiff pay the required filing for or a motion seeking *in forma pauperis* status by June 9, 2025. Plaintiff failed to comply with this directive.

As a result of Plaintiff's deficiency, this Court entered an Order to Show Cause on July 22, 2025 directing Plaintiff to show cause in writing by July 31, 2025 as to why the case should not be reassigned to a United States District Judge and a recommendation be entered that the case be dismissed for the failure to pay the filing fee. The Order forewarned that:

THE FAILURE TO FILE THE SHOW CAUSE REPORT IN WRITING BY THE DATE SPECIFIED SHALL RESULT IN THE ENTRY OF FINDINGS AND A RECOMMENDATION THAT THIS ACTION BE DISMISSED AND THE TRANSFER OF THE CASE TO A UNITED STATES DISTRCT JUDGE WITHOUT FURTHER NOTICE OR HEARING.

*Doc. Ent. No. 6* (emphasis in original).

To date, Plaintiff has failed to pay the filing fee or file the show cause report as ordered.   Accordingly, Plaintiff has failed to prosecute this action.   "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009) quoting *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).   Indeed, the Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions *sua sponte* for a [party's] failure to prosecute." *Huggins v. Supreme Court of the United States,* 480 F. App'x 915, 916-17 (10th Cir. 2012) (quotations omitted).

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."   *Id.* quoting *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1162 (10th Cir. 2007).   Since Plaintiff has failed to complete the prerequisite act of paying the filing fee to commence and continue this action and has failed to comply with the Order of the Court, this Court would recommend that the case be dismissed without prejudice without further notice

2

or hearing since Plaintiff was already provided notice of the prior Order to Show Cause.

IT IS THE RECOMMENDATION OF THE UNDERSIGNED that this action be **DISMISSED WITHOUT PREJUDICE** to refiling based upon Plaintiff's failure to prosecute the case and the failure to comply with this Court's Order.

Plaintiff is given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections to them with the Clerk of the Court.  Any such objection shall be limited to ten (10) pages in length.  The failure to object to the Findings and Recommendation within fourteen (14) days will preclude their review.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 21st day of April, 2026.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE